THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET, Rm 3-193
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

ARTHUR G. LARKIN
Senior Counsel
Phone: (212) 788-1599
Fax: (212) 788-9776
alarkin@law.nyc.gov

November 14, 2007

**BY FACSIMILE**

Hon. Paul A. Crotty
United States District Judge
United States District Court
500 Pearl Street, Room 735
New York, New York 10007

*[handwritten endorsement: 11/15/2007  Application granted  So ordered  Paul Crotty  USDJ]*

Re: <u>Time's Up, Inc. v. City of New York, et al.</u>, 07-CV-9557 (PAC)

Your Honor:

   We represent the City and Police Commissioner Raymond Kelly in this civil rights lawsuit, in which plaintiff claims that its constitutional rights were violated on the night of Oct. 29-30, 2004, when police officers allegedly entered its premises without a warrant, among other things. <u>We write to request an extension of sixty (60) days, to January 14, 2008, within which to arrange for representation for the four individual defendants (three police officers and one Inspector), and thereafter to move to dismiss the complaint pursuant to Rule 12(b)(6), on the grounds of issue or claim preclusion, and on the grounds that the complaint fails to state a claim.</u>

   The instant complaint was the subject of a motion for leave to amend made by plaintiffs in the matter captioned *Tahira Alford v. City of New York*, 06-CV-2512 (PAC). By their motion, plaintiffs sought to add Time's Up, Inc. ("Time's Up") as a plaintiff, and sought leave to assert the same claims against the same defendants as those that are asserted here. That motion was fully briefed before Your Honor, and was summarily denied by memo endorsement dated Oct. 22, 2007. Defendants had opposed the motion on the merits, arguing that (1) Time's Up lacked standing to assert claims on behalf of its members, and (2) to the extent Time's Up had standing, the complaint failed to state a claim, as a matter of law.

   Within three days after the Court's denial of the motion to amend, plaintiff's counsel re-filed the identical complaint (for all intents and purposes) under the instant caption and index

*[stamp: MEMO ENDORSED]*

*[stamp: USDS SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: NOV 15 2007]*

number. By letter dated Oct. 30, 2007, the City advised counsel that the action appeared to violate Rule 11(b) and requested that the lawsuit be withdrawn with prejudice within twenty-one (21) days (copy attached). Plaintiff's counsel has indicated that plaintiff will not withdraw the action.

In light of the foregoing, we respectfully request the extension set forth above, in order to permit the City to make representation decisions as required by Section 50-k of the General Municipal Law, and to move to dismiss the complaint. We have contacted plaintiff's counsel to ascertain his position but he has not responded; accordingly, this request is made without plaintiff's consent.

We thank the Court for its consideration of the foregoing.

Respectfully submitted,

Arthur G. Larkin (AL 9059)
Assistant Corporation Counsel

AGL/m
Attachment
cc:     Wylie M. Stecklow, Esq. (by facsimile)



| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET, Rm 3-193<br>NEW YORK, NY 10007 | ARTHUR G. LARKIN<br>Senior Counsel<br>Phone (212) 788-1599<br>Fax (212) 788-9776<br>alarkin@law.nyc.gov |

October 30, 2007

### BY FACSIMILE AND MAIL

Wylie M. Stecklow, Esq.
WYLIELAW
Ten Spring Street
New York, New York 10012

    Re:   <u>Time's Up, Inc. v. City of New York, et al.</u>, 07-CV-9557

Dear Mr. Stecklow:

    We write pursuant to Rule 11(c)(1)(A) of the Federal Rules of Civil Procedure, in order to afford plaintiff Time's Up, Inc. ("Time's Up") an opportunity to withdraw its complaint against the City of New York, Police Commissioner Raymond Kelly, Lt Carolyn Fanale, Officer Steven Bobbett, Officer Luis Mortimer, Deputy Inspector Thomas Graham and 34 unidentified "John Doe" officer-defendants. If plaintiff fails to do so within twenty-one (21) days of the date of this letter, defendants intend to ask the Court for sanctions and costs under Rule 11 for the reasons set forth below.

<u>Factual Background</u>

    You provided me with a courtesy copy of the complaint in PDF, by e-mail, on Oct. 25, 2007. The complaint is, for all intents and purposes, identical to the proposed amended complaint that was the subject of plaintiffs' motion for leave to amend in the matter captioned *Alford v. City of New York, et al.*, 06-CV-2512 (PAC). The complaint in this matter asserts the same causes of action, based on the same alleged facts, against the same defendants, as did the proposed amended complaint in *Alford*. Plaintiffs' motion for leave to amend was denied by the Court, Hon. Paul A. Crotty, on Oct. 22, 2007. Accordingly, as discussed below, Time's Up's claims, asserted under the guise of a new action, are barred as a matter of law.

Governing Law. Amendment of Pleadings, Rule 11

Rule 11 provides that by signing any pleading, the signing attorney represents that the pleading "is not being presented for any improper purpose," that "the claims . . . and other legal contentions therein are warranted by existing law," and that "the allegations and other factual contentions have evidentiary support. . . ." Fed. R. Civ. P. 11(b). "Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Knipe v. Skinner*, 19 F.3d 72, 75 (2d Cir. 1994). An attorney's subjective good faith "provides no safe harbor." *Id.* Rather, the attorney's good faith belief in the viability of his pleading "must be supported by an objectively reasonable inquiry" into the facts supporting the claims and the governing law. *Id.*

With due respect, it is obvious that you have not met your obligations under Rule 11 in this instance. Plaintiffs in *Alford*, represented by you, sought leave to amend the complaint in order to add Time's Up as a plaintiff and to add as defendants the same persons who are named as defendants in this action (other than those already named in *Alford*). Defendants opposed the motion, arguing that (i) Time's Up lacked standing to assert claims on behalf of its members, (ii) to the extent Time's Up might have standing, its Fourth Amendment claims would be subject to dismissal under Rule 12(b)(6) for various reasons, and (iii) any remaining claims asserted by Time's Up lacked merit and would also be subject to dismissal under Rule 12(b)(6). Defendants argued that for these specific reasons, amendment would be futile and should be denied. You received a copy of defendants' memorandum of law in opposition to plaintiffs' motion, which reflected citation to the governing authorities, on or about June 27, 2007. Thereafter, you submitted a reply memorandum in further support of the motion, in which you vigorously argued that Time's Up's claims had merit and would not be subject to dismissal under Rule 12(b)(6).

By denying plaintiffs' motion in its entirety, the Court rejected *all* of the arguments advanced by plaintiffs in support of leave to amend. Under these circumstances, the Court's denial should be given preclusive effect in subsequent litigation between the same parties. In *United States of America v. McGann*, 951 F. Supp. 372 (E.D.N.Y. 1997), for example, plaintiff (the United States government) had sought leave in a prior action to amend its complaint against an individual defendant, which was denied. Undeterred, the government brought a second lawsuit against the same defendant, asserting essentially the same claims. The court found that its prior decision denying leave to amend was "final" for the purposes of res judicata, concluding that "the extensive briefs and comprehensive oral arguments plainly satisfied" the requirements for a final judgment; and holding that "the fact that plaintiff was denied leave to amend does not give him the right to file a second lawsuit based on the same facts." *McGann*, 951 F. Supp. at 382-83 (citations omitted). *Accord Deng v. Aramark Education Group, Inc.*, 04 Civ. 4536 (DRH) (MLO), 2006 U.S. Dist. LEXIS 23460, *13-14 (E.D.N.Y. Mar. 23, 2006). *See generally Northern Assurance Co. v. Square D Co.*, 201 F.3d 84, 89-90 (2d Cir. 2000).

Judge Crotty denied plaintiffs' motion for leave to amend in *Alford*, on the merits, on Oct. 22, 2007. Three days later, Time's Up filed the referenced action based on the identical complaint that had been rejected in *Alford*. Clearly, during the three days between the Court's denial and the commencement of the new action, no inquiry was made by you with regard to the governing law, or whether the allegations in the complaint had evidentiary support. *See* Fed. R.

2

Civ. P. 11(b)(1), (b)(2). Instead of investigating the facts to determine whether any new, previously unknown facts might support Time's Up's causes of action, you simply re-filed the same complaint under a new index number, seeking "to accomplish indirectly what could not be accomplished directly," conduct that the law typically views with a "jaundiced eye." *See McGann*, 951 F. Supp. at 382.

In light of the foregoing, please withdraw the complaint, with prejudice, within twenty-one (21) days hereof, or we will be forced to seek sanctions under Rule 11 against you and/or your clients.

This letter is without prejudice to defendants' rights and remedies, all of which are expressly reserved herein.

Very truly yours,

Arthur G. Larkin (AL 9059)
Assistant Corporation Counsel

AGL/m

3