

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 19 2008
```

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET, Rm. 3-193
NEW YORK, NY 10007

ARTHUR G. LARKIN
Senior Counsel
Phone (212) 788-1599
Fax (212) 788-9776
alarkin@law.nyc.gov

February 13, 2008

**MEMO ENDORSED**

**BY FACSIMILE**

Hon. Paul A. Crotty
United States District Judge
United States District Court
500 Pearl Street, Room 735
New York, New York 10007

*[Handwritten endorsement:]* The City's request to file papers in reply by February 29, 2008 is Granted. So ordered. Paul Crotty USDJ

Re:   Time's Up, Inc. v. City of New York, et al., 07-CV-9557 (PAC)

Your Honor:

We represent the City and Police Commissioner Raymond Kelly in this civil rights lawsuit. Pending before Your Honor is defendants' motion to dismiss the complaint, with prejudice, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. <u>We write in order to request an extension to Friday, Feb. 29, 2008, of the date by which defendants' reply to plaintiff's opposition is due.</u> Plaintiff does not consent to this request.

The motion was timely filed on Jan. 14, 2008, by ECF (DE 5-7). At that time, the undersigned contacted plaintiff's counsel in an effort to work out a briefing schedule. Rather than respond to the undersigned's request, counsel simply filed his opposition on Jan. 31, 2008, beyond the date permitted by Local Rule (although the undersigned would have been more than willing to consent to that date for service) (*see* DE 8). Upon receipt of plaintiff's opposition papers, the undersigned again contacted plaintiff's counsel to request his consent to the Feb. 29th date for filing reply papers. As I communicated to counsel, I had two sets of motion papers due in other cases last week, along with discovery in two other matters, and I will be on vacation next week, Feb. 18-22, 2008. Counsel declined to consent, stating that he would agree to three more days beyond that provided in the Local Civil Rules, to Feb. 12, 2008 (although I do not believe that counsel's reading of the rules and deadlines is accurate).

Regardless of the parties' disagreement as to the time limits set by the Local Rules, defendants respectfully request an extension until Feb. 29, 2008, to file reply papers, in light of the matters discussed above. Defendants respectfully submit that there will be no prejudice to plaintiff by reason of the requested extension. Moreover, the Court recently granted plaintiff's counsel's request for a comparable extension – of three weeks – in which to file reply papers in further support of his $80,000.00 fee request in the matter Tahira Alford v. City, et al., 06-CV-2512 (PAC), which was resolved by Rule 68 offers after paper discovery was completed. Counsel's refusal to agree to the requested extension is somewhat surprising given his request for a comparable extension in Alford.

We apologize for burdening Your Honor with this matter and appreciate the Court's consideration of the foregoing request.

Respectfully submitted,

Arthur G. Larkin (AL 9059)
Assistant Corporation Counsel

AGL/m
cc: Wylie M. Stecklow, Esq. (by facsimile)

2

**WYLIE M. STECKLOW**
**ATTORNEY AT LAW**
10 SPRING – NYC 10012
----------
(212)566-8000
E-Mail: WYLIE@WYLIELAW.COM
www.WYLIELAW.com

February 13, 2008

Hon. Paul A. Crotty
United States District Judge
United States District Court
500 Pearl Street, Room 735
New York, NY 10007

       Re:    Times UP v. NYPC, et al
              Index: 07 CV 9557

Dear Honorable Judge:

    I am in receipt of Mr. Larkin's letter submitted yesterday. I write in response to ensure the record is clear.

    Mr. Larkin previously requested and received a sixty (60) day extension of time to file the subject motion to dismiss in this matter. The moving papers filed, on or around **January 14, 2008,** were almost mirror images of the opposition brief filed by the Alford defendant in the motion seeking to add Time's UP to that litigation.

    Upon receiving the ECF notice that the motion to dismiss had been filed, I was informed that the City had set the due date for the opposition and reply papers, via ECF, based upon the time set by the local rules. Mr. Larkin explained that if this was problematic I should contact him to discuss. I believed that the local rules indicated that the opposition papers were due on or before **January 31, 2008** and they were filed and served on that date.

    On **February 5, 2008**, I received Mr. Larkin's request for an additional extension, I reviewed the local rules and realized the opposition papers were served three (3) days

late. Due to the problems incurred in consenting to the City's continuous request for extensions of time in the Alford matter, I told Mr. Larkin I would not consent to the lengthy extension and felt that I needed to follow the Court guidance and have the City seek Court permission for additional time. Given the extra three (3) days the reply papers took, on **February 7, 2008**, I consented to Mr. Larkin to give him an additional three (3) days as well, making the reply papers due on **February 12, 2008**.[1] On **February 13, 2008**, Mr. Larkin sought the subject extension from this Court.[2] Since the papers are now past due and the defendant's request for an extension was requested after the due date of the reply papers, it is the Plaintiff's position that this Honorable Court not allow any extension of time and deem the motion fully submitted.

I remain,

Very truly yours,

WYLIE M. STECKLOW, ESQ.

---

[1] According to Local Rule 6.1(b)(2) any opposing affidavits and answering memoranda shall be served within ten business days after service of the moving papers, (3) any reply affidavits and memoranda of law shall be served within five business days after service of the answering papers. Moving papers filed **January 14, 2008**. Ten business days thereafter is **January 28, 2008**. The opposition papers were filed on **January 31, 2008**. Five business days from that date is **February 7, 2008**. A three-day extension from that date is **February 12, 2008**.

[2] As to the dates Mr. Larkin raised in his letter that are related to the fee application in the Alford matter, the City was served with those moving papers on or around December 10, 2007 but sought a due date of January 25, 2008 (which was granted over Plaintiffs' objections.) During the Court conference of January 22, 2008, the Plaintiffs consented to give the City one extra week to file their opposition papers (ostensibly to discuss a potential amicable resolution of the fee application). The due date for the Plaintiffs reply papers were pushed back to reflect the change in the date of the opposition papers (and one extra week was added to the time for the reply papers to be submitted).