**WYLIE M. STECKLOW**
**ATTORNEY AT LAW**
10 SPRING – NYC 10012
-----------
(212)566-8000//Fx (212) 202-4952
E-Mail: WYLIE@WYLIELAW.COM
www.WYLIELAW.com

March 3, 2008

Hon. Paul A. Crotty
United States District Judge
United States District Court
500 Pearl Street, Room 735
New York, NY  10007

      Re:    Times UP v. NYPC, et al
      Index:  07 CV 9557

Dear Honorable Judge:

    I am in receipt of the reply papers in further support of the defendants' motion to dismiss this complaint.  Please accept this letter as a request to either grant Plaintiff an extension of time to serve the individual defendants in this matter (*to bless the service of* February 26, 2008) or, alternatively, to allow the Plaintiff two weeks to file a sur-reply brief in this matter.

    **REQUEST FOR FOUR DAY EXTENSION OF TIME**

    The factors to consider when evaluating a request to expand the 120-day timing set forth in F.R.C.P. 4(m) are four-fold;

> (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief.
> Eastern Refractories Co. v. Forty Eight Insulations Inc., 187 F.R.D. 503, 506 (S.D.N.Y. 1999).

    In the instant matter, it is agreed that the statute of limitations would bar the refiled action.  It is also agreed that the individual defendants had actual notice of the

claims asserted in the complaint. Each individual defendant was interviewed as part of the C.C.R.B. investigation into the circumstances that make up the factual basis of the complaint. Moreover, Lt. Fanale was a named defendant in the prior action, <u>Alford et al. v. NYC</u>, 06CV2512(PAC) and the other individual defendants were named in a proposed amended complaint in that action. Further, the same defense counsel in the prior matter and in this matter (Mr. Larkin), on a few days notice, filed papers on behalf of these individuals. The City defendant was timely served and the attorney for the individual defendants had actual notice of this complaint and received a timely request to accept service on behalf of these defendants.

The City reliance on <u>Zapata v. City of New York</u>, 502 F.3D 192 (2d Cir. 2007) for the dismissal is misplaced. Two key facts, which the Second Circuit relied upon in that decision, are absent in the present case. One, Zapata failed to seek an extension of time for two months past the 120 day limit "rather than immediately asking the district court to bless the untimely service by granting an extension." <u>Id.</u> at 198. Second, the individual defendant officer was not on notice of that complaint within the statute time period; "[n]othing in the record besides the 2002 incident itself suggests Officer Moran had any notice that the action was forthcoming." <u>Id.</u> at 198. By this letter, the Plaintiff seeks the Court's blessing for this service, within 6 days of the service. Also, as set forth above, all of the individual defendants were on notice, beyond the 2004 incident itself, of the potential for this lawsuit.

The Supreme Court has recognized that the 1993 amendments to the Federal Rules of Civil Procedure created a discretionary extension of the 120-day rule absent the need to show good cause.

> Most recently in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period even if there is no good cause shown. See Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28 U.S.C. App., Page 663 p. 654.[fn10].
> Henderson v. United States, 517 U.S. 654, 662 (1996).

The City has already requested and used significant number of extensions of time in this matter, including a sixty (60) day extension of time to file an answer or motion responding to the Complaint and an extension between fourteen (14) and seventeen (17) days to file its reply brief in the Motion to dismiss (an extension that was granted after the appropriate time to file had expired). Moreover, the reason this litigation was filed so close in time to the Statute of Limitation date was related, at least in part, to an extension of time granted to the Defendants in the Alford matter. The Alford plaintiffs attempted to add the Time's UP plaintiff and the individual defendants to that litigation. The plaintiffs proposed a briefing schedule that would have had the motion before the court by June 20, 2007 (four months prior to the statute of limitations expiration). The defendants sought a lengthier schedule, and therefore, that motion was not filed until July 10, 2007, twenty one (21) days after the date the Plaintiffs' schedule would have had the motion filed. Since the defendants have already taken advantage of all of these time extensions, it would be unfair for the Plaintiff to suffer the ultimate prejudice rather than being granted a short, four (4) day extension to serve and file the affidavits of service on the individual defendants in this matter.

## GOOD CAUSE / COLORABLE EXPLANATION FOR DELAY

This matter was filed on October 25, 2007. In the past, Plaintiff's counsel has not always automatically served individual officers in these matters(Givens v. NYC, 01 CV 2853). Rather, at times, these matters have settled without the necessity of embarrassing

the individual officers by having them served with papers at their place of work. Moreover, since the Defendant had sought a schedule related to a motion to dismiss, it seemed appropriate to await that brief to determine if the case would proceed against the individual defendants before serving them at their place of business. Additionally, there were a number of other factors during this time period, which impacted Counsel's schedule that led to service four days past the 120 day time frame.

As the Court knows, Plaintiff's counsel was on a trip outside of the Country from December 7, 2007 to January 4, 2008. Moreover, for the months of January and February, counsel was focused on catching up on many matters in the office, including the fee motion in the Alford matter and motion to dismiss in the Time's UP matter. Additionally, Counsel was fulfilling responsibilities as the sole organizer and planner for an annual neighborhood fundraiser (that took place on February 5, 2008 and raised money for the Chinese-American Planning Council Community Programs and St. Patrick's Old Cathedral).

Plaintiff's counsel had planned to use the submission date for the reply brief of the motion to dismiss to help ensure service occurred timely. However, the defendants were granted a two to three-week extension of time to file their reply brief and when Plaintiff's counsel changed the date on his calendar, he did not take into account the effect this had on the service date. For these reasons, the service occurred four days after the 120 day time period. While Plaintiffs' counsel recognizes the high bar set for good cause, at a bare minimum, the foregoing rationale satisfies any potential need for a colorable explanation for the delay.

**ALTERNATIVE REQUEST FOR SUR-REPLY**

The moving papers for this motion were only filed on behalf of defendant, the City of New York (fn 1 moving brief, although the Notice of Motion is brought on behalf of 'the defendants.'). On February 26, 2008, the individual officers were served in this matter. On February 29, 2008, the reply brief was filed in further support of the motion to dismiss on behalf of all defendants, including the individual defendants. The major issue raised in the reply brief - service on the individual defendants was four days beyond the 120 days authorized by F.R.C.P. 4(m) warranting dismissal against these individual defendants - was not part of the moving brief. As such, this issue and the related question of whether a dismissal of the individual defendants mandates dismissal against the City, has not been at all addressed by the Plaintiff in its opposition brief. If the Court allows this motion to be expanded to include the individual defendants' request for dismissal, the Plaintiff requests two weeks to file a sur-reply brief, to be due March 17, 2008.

                                        Respectfully submitted,

                                        WYLIE M. STECKLOW, ESQ.

cc:  Arthur Larkin, Esq.